**E-FILED**
Thursday, 19 June, 2008 03:32:46 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **DENNIS COLES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | **Case No. 07-2098** |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## OPINION

On May 4, 2007, Petitioner Dennis Coles filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) and a Memorandum in Support (#2). On December 11, 2007, the United States of America filed its Response (#12), and on February 15, 2008, Petitioner filed a Reply (#15). For the reasons that follow, Petitioner's motion is DENIED.

### BACKGROUND

On September 8, 2000, Petitioner was charged by indictment with one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). After a two day jury trial, Petitioner was found guilty on July 23, 2002. On February 14, 2003, Petitioner was sentenced to a term of 293 months' imprisonment. Petitioner filed a Notice of Appeal on February 18, 2003, and on May 24, 2005, the Seventh Circuit Court of Appeals issued an order of limited remand consistent with its opinion in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). Subsequently, on November 2, 2005, the Seventh Circuit affirmed Petitioner's conviction and sentence. On May 1, 2006, the Supreme Court denied Petitioner's Petition for a Writ of Certiorari.

On May 4, 2007, Petitioner filed his pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (#1), along with a Memorandum of Law in Support of his Motion (#2). Petitioner sets out seven grounds for relief. Six grounds of relief relate to ineffective assistance of counsel. Petitioner claims: (1) that his trial counsel did not inform the court that there was no warrant for his arrest; (2) that his trial counsel failed to file a motion after Petitioner and the court requested him to do so; (3) that his trial counsel pressured Petitioner to accept a plea agreement against his will; (4) that counsel during his sentencing hearing did not object strongly enough to the characterization of one of Petitioner's prior offenses as a Class 1 Felony when Petitioner believed it to be a Class 4 felony; (5) that counsel allowed a jurisdictional element of the offense to be stipulated; and (6) that his appellate counsel failed to raise several meritorious issues on appeal. Lastly, Petitioner makes a jurisdictional argument, asserting that he was not subject to federal prosecution.

To establish ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation: (1) fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the Petitioner. McDowell v. Kingston, 497 F.3d 757, 761 (7th Cir. 2007) citing Strickland v. Washington, 466 U.S. 668, 688 (1984). A claim of ineffective assistance of counsel is a mixed question of law and fact reviewed, "with a strong presumption that [Petitioner's] attorney performed effectively." United States v. Fudge, 325 F.3d 910, 923 (7th Cir. 2003). If a court finds that counsel's alleged deficiency did not prejudice the defendant, there is no need to consider the first prong of the Strickland test. Matheney v. Anderson, 253 F.3d 1025, 1042 (7th Cir. 2001). In certain narrow circumstances, prejudice will be presumed. This is the case when there has been a complete denial of counsel at a critical stage, where counsel has failed to subject

the prosecution's case to adversarial testing, or where circumstances make it impossible for counsel to perform as an effective adversary. Bell v. Cone, 535 U.S. 685, 696 (2002), citing United States v. Cronic, 466 U.S. 648, 660 (1984). Where Petitioner's claim involves a specific challenge to aspects of counsel's representation, rather than an assertion that counsel entirely failed to subject the prosecution's case to meaningly adversarial testing, then Strickland, rather than Cronic, is the appropriate standard. Id. at 698. This court finds that, since Petitioner's motion is challenging aspects of his attorneys' representation, that the two-part Strickland test is the correct measure of his counsel's performance.

      Petitioner first contends that his trial counsel was ineffective in failing to bring to the court's attention some confusion regarding the state warrant that was issued for Petitioner's arrest. Petitioner takes issue with the fact that, at a pretrial hearing, an ATF officer testified that a warrant issued in relation to his state arrest was for drug charges at the Tri-Manor hotel, when in a later conversation, the Assistant U.S. Attorney intimated that the warrant was in fact related to a separate charge the State of Illinois chose not to pursue. Framed as an ineffective assistance of counsel claim, Petitioner is here seeking to revisit an issue decided both at the trial level and on direct appeal. The Seventh Circuit held that ATF agents had cause to arrest Petitioner based on his suspicious behavior and that, having detained him and solicited from him that he was a felon, they had probable cause to arrest him for violating 18 U.S.C. §922(g)(1). Thus, the status of Petitioner's state warrant is irrelevant; on direct appeal it was determined that his detention on the federal charge "started as a classic stop-and-frisk that ripened into an arrest as probable cause was developed." United States v. Coles, 2004 WL 963679 at *2 (7th Cir 2004). Petitioner was not prejudiced by his attorney's decision not to contest the status of the state warrant. Petitioner has thus failed to satisfy the second prong of the

Strickland test.

Petitioner next contends that his trial counsel was ineffective in failing to file a motion to suppress evidence under Franks v. Deleware, 438 U.S. 154 (1978).  The trial record shows that two hearings were held, a motion to suppress evidence hearing on October 25, 2001, and motion to reconsider on April 9, 2002, which dealt specifically with the Franks motion and the status of Petitioner's arrest under Terry v. Ohio, 392 U.S. 1 (1968).  After hearing testimony and considering the issues, the court denied Petitioner's motions.  Petitioner makes much of the fact that he was obliged to prepare his Franks motion himself.  The transcript reveals that this is because his trial counsel believed that a Franks motion was inappropriate.  Attorneys are granted the latitude to make reasoned judgements about what motions to bring, with the Seventh Circuit holding that, "[c]ounsel cannot be expected to request a Franks hearing when the evidence presented is insufficient to warrant such a hearing."  United States v. Jackson, 103 F.3d 561, 575 (7th Cir. 1996), citing United States v. McDonald, 723 F.2d 1288, 1297 (7th Cir. 1983).  In this case, trial counsel did, at the court's request, file the Franks motion prepared by Petitioner, and a hearing was conducted on April 9, 2002, where the issue was fully heard and decided.  Petitioner cannot, therefore, demonstrate that he was prejudiced by counsel's failure to prepare the motion, and consequently this claims fails the Strickland standard.

Petitioner next contends that trial counsel unduly pressured Petitioner to accept a plea agreement, and that counsel's subsequent behavior at trial was lackadaisical and inadequate.  The Supreme Court has held "[a] court must indulge a strong presumption that counsel's conduct falls within the wide of range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  Defense counsel is required to advise defendants of their pleading options, while leaving the final

decision of whether or not to accept a plea agreement to the defendant. Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007).  In cases where the evidence is overwhelming, counsel's failure to advise to a client to accept a plea has been found to constitute ineffective assistance of counsel. Gallo-Vasquez v. United States, 402 F.3d 793, 798 (7th Cir. 2005).

Here, the record reflects that Petitioner's attorney did advise Petitioner to accept a guilty plea, but that, if Petitioner did choose to go to trial, defense counsel stated that he "would present a defense on the issue of possession and knowledge."  At trial, defense counsel gave an opening statement, cross-examined witnesses, and gave a closing argument.  While Petitioner criticizes defense counsel's legal style, an opening and closing argument based on Petitioner's 'lack of intent to possess' the firearms is consistent with defense counsel's stated aim of going to trial with a defense based on possession and knowledge.  In evaluating ineffective assistance of counsel claims, courts must resist the temptation to reconsider strategic choices with the benefit of hindsight, and should instead defer to counsel's decision-making as long as choices are reasonable under the circumstances.  See Badelle v. Correll, 452 F.3d 648, 662-663 (7th Cir. 2006) (decision not to seek additional witnesses was a reasonable judgment call).  Petitioner has not provided evidence sufficient to indicate that his trial counsel's representation fell outside the range of reasonable professional assistance under the circumstances.  Accordingly, this claim must fail.

Petitioner next renews a complaint that the court considered on September 26, 2002-- that his trial counsel was ineffective in allegedly accepting payments in return for more diligent representation. The court, at that hearing, found the Petitioner not to be credible and that defense counsel had not engaged in any unprofessional conduct, a finding the court reiterated on October 16, 2002.  Petitioner claims that he was not represented by counsel during this critical stage of the

proceeding, citing the first prong of the Cronic standard. Petitioner has not, however, cited any authority to support his claim that a post-trial evidentiary hearing constitutes a critical stage in the proceedings. See United States v. Ceballos, 302 F.3d 679, 696 (7th Cir. 2002) (holding that Cronic does not apply where defendant cannot specifically identify critical stage where he was without counsel). In addition, the Seventh Circuit has held that 'absent' in the Cronic context requires that defense counsel be either physically absent, asleep or unconscious. McDowell, 497 F.3d at 762.

Here, Petitioner's defense counsel was present throughout the hearing, and only withdrew as counsel at the end of the hearing, at which point the court appointed new counsel for Petitioner's sentencing. Petitioner was thus never completely without representation, meaning that his claim does not fit within the first Cronic category. Since the court fully heard Petitioner's complaint against his trial counsel on two occasions, and made its decision based on an assessment of the Petitioner's credibility, Petitioner cannot adequately demonstrate that his counsel's performance was prejudicial in the determining the outcome of the hearing, and thus his claim of ineffective assistance of counsel fails the Strickland test.

Petitioner next raises two issues that were previously raised on direct appeal, again under the guise of a claim of ineffective assistance of counsel. A § 2255 motion cannot raise issues that were raised on direct appeal, absent a showing of changed circumstances. Norris v. United States, 687 F.2d 899, 900 (7th Cir. 1982). Petitioner first objects to the categorization, during the sentencing phase, of one of his previous convictions as a Class 1 felony, citing a docket sheet that lists the conviction as a Class 4 felony (a charge that would not qualify for sentence enhancement). However, the Seventh Circuit agreed with the district court's finding that the docket sheet contained

a scrivener's error. Coles, 2004 WL 963679 at *2. Petitioner next argues that his appellate counsel was ineffective in failing to raise several meritorious issues on appeal. The Seventh Circuit Court of Appeals found the Anders brief filed by Petitioner's appellate counsel to be facially adequate and agreed that Petitioner's appeal presented no non-frivolous issues, thus granting counsel's motion to withdraw and dismissing Petitioner's appeal. Coles, 2004 WL 963679 at *1. Petitioner provides no compelling reason to revisit these already decided issues.

Petitioner objects to the stipulation presented to the court where Petitioner agreed that he was a convicted felon and that the guns he was accused of possessing had traveled in interstate commerce. The Seventh Circuit has held that stipulations will be evaluated as other contracts, with an emphasis on the objective intention of the parties. "Thus, [courts] do not look beyond the four corners of the agreement unless the stipulation is reasonably subject to more than one interpretation." United States v. Johnson, 396 F.3d 902, 905 (7th Cir. 2005). Here, the meaning of the stipulation was evident, and Petitioner has provided no evidence that he was coerced or tricked into signing it. During his trial, before agreeing to testify, Petitioner recounted to the court that he agreed to sign the stipulation after his attorney advised him that by signing the stipulation Petitioner could avoid having the Government offer up more details of his prior convictions. The record thus belies Petitioner's argument that the stipulation was presented without his authorization or consent.

Regarding Petitioner's objection to the substance of the stipulation, that the guns should not have been construed as traveling in interstate commerce when he bought them, this again appears to be a rehash of the argument Petitioner made on direct appeal, now presented as an ineffective assistance of counsel claim. The Seventh Circuit rejected the constitutional challenge to § 922(g)(1)

in Petitioner's direct appeal. As Petitioner has provided no showing of changed circumstances, this claim is procedurally barred.

In his final claim, Petitioner objects to federal jurisdiction over his case, claiming that he cannot be prosecuted by the federal government since the state of Illinois did not cede authority over the location where he was arrested to the United States. Petitioner's argument is not legally sound because he was charged under a federal statute. Therefore, there was federal jurisdiction in the case.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 19th day of June, 2008.

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE