UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DENNIS COLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 07-CV-2098 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
DEC 2 2 2009
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

OPINION

Petitioner, Dennis Coles, filed a Motion to Vacate, Set Aside, or Correct Sentence (#1) on May 4, 2007, which was denied by this court in a written Opinion (#16) on June 19, 2008. This court also denied via text order subsequent motions for recusal and reconsideration filed by Petitioner. On March 13, 2009, the United States Court of Appeals for the Seventh Circuit denied Petitioner's Motion for Certificate of Appealability, finding no substantial showing of the denial of a constitutional right. On December 2, 2009, Petitioner filed a Motion for Order for Relief from Judgment Pursuant to Rule 60(b)(6) (#46). On December 21, 2009, Petitioner filed a Petition to Amend Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(6) (#47).

ANALYSIS

In his initial Rule 60 Motion (#46), Petitioner alleges the court erred in failing to recuse itself from consideration of his habeas motion. Petitioner alleges the court has bias and prejudice against him. Petitioner believes the court's own assessment of Petitioner's guilt and characterization of Petitioner as a "wily street criminal and liar" were "vicious and premised on anger and a personal

loathing towards petitioner." Petitioner also sent an affidavit to Assistant United States Attorney Colin Bruce with notice of his intent seeking to disqualify the court and requiring Bruce to rebut the facts in the affidavit within ten days or face having the facts deemed to be admitted.

Petitioner's motion to amend (#47) argues that he is "actually innocent" of being an armed career criminal. Petitioner argues that a conviction relied upon by this court can not count towards armed career criminal status, as the "Michigan statute addressed both the predicate and non-predicate sentence and the offense in question rested on the non-predicate sentence," thereby making Coles ineligible for an enhanced sentence under 18 U.S.C. § 924(e). Petitioner says he pled guilty to a drug offense in Michigan which exposed him to both the "predicate" (1 to 20 years) and "non-predicate" (probation for life) sentences for armed career criminal. Petitioner claims his actual sentence was probation for life. Petitioner claims that the Seventh Circuit, in granting appellate counsel's Anders Brief and dismissing Petitioner's direct appeal, misconstrued this sentencing objection by claiming that Petitioner was challenging the court's reliance on the armed robbery conviction, for which he received a sentence of probation. Petitioner claims he was in fact challenging his "drug offense #92-1528 for which he received a sentence of probation."

In Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005), the United States Supreme Court noted that, in many circumstances, a motion brought under Rule 60(b) of the Federal Rules of Civil Procedure will properly be found to be a successive habeas petition which should be treated accordingly. The Court held, however, that a petitioner may bring a Rule 60(b) motion, following a denial of a habeas petition, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Gonzalez, 545 U.S. at 532.

The fact that Petitioner labeled his motion as a request for relief under civil Rule 60(b) rather than § 2255 "is immaterial; it is the substance of the petitioner's motion that controls how his request for relief shall be treated." United States v. Carraway, 478 F.3d 845, 848 (7th Cir. 2007), cert. denied, 127 S. Ct. 2895 (U.S. 2007). "[A]ny post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." Carraway, 478 F.3d at 848. The statute's opening paragraph permits a federal prisoner to file a motion to have his sentence vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see also Carraway, 478 F.3d at 848-49.

Petitioner's motion to amend (#47), concerning his classification as an armed career criminal, seeks to alter or vacate his original sentence, and therefore this court construes it as a request for relief under § 2255. See Carraway, 478 F.3d at 848. Understood as a request for relief under § 2255, Petitioner's motion "is subject to the requirement that second or successive motions under this statute must be authorized by the court of appeals." Carraway, 478 F.3d at 849; 28 U.S.C. § 2255(h). "Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request." Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because Petitioner has not sought or obtained authorization from the court of appeals, this court

has "no option other than to dismiss his motion." See <u>Carraway</u>, 478 F.3d at 849; <u>Nunez</u>, 96 F.3d at 991.

As for the Rule 60 Motion (#46), Petitioner again asserts that the court should have recused itself and is biased or prejudiced against Petitioner. Petitioner has no evidence for his claim. This court denied, via text order, a similar motion made by Petitioner in 2008. Petitioner's claim is without merit and is therefore denied.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion for Order for Relief from Judgment Pursuant to Rule 60(b)(6) (#46) is DENIED.

(2) Petition to Amend Motion for Relief from Judgment or Order Pursuant to Rule 60(b)(6) (#47) is dismissed for lack of jurisdiction.

ENTERED this 22nd day of December, 2009.



s/ Michael P. McCuskey

MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE